IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| ROBERT W. ANDERSON, | § | |
| TDCJ #1289121, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-06-0784 |
| | § | |
| JOE BUTLER, *et al.*, | § | |
| | § | |
| Defendants. | § | |

# **MEMORANDUM AND ORDER**

State inmate Robert W. Anderson (TDCJ #1289121, former TDCJ #194544 and #225022) has filed a civil rights complaint under 42 U.S.C. § 1983. Anderson proceeds *pro se* and *in forma pauperis*. Anderson has filed a supplement to his complaint. (Doc. # 5). At the Court's request, Anderson has also filed a more definite statement and a supplemental more definite statement in support of his claims. (Docs. # 14, # 16). The defendants have filed a motion for summary judgment, arguing that Anderson is not entitled to relief. (Doc. # 26). Anderson has filed a response. (Doc. # 29). After reviewing all of the pleadings, and the applicable law, the Court grants the defendants' motion and **dismisses** this case for reasons that follow.[1]

---

[1] On October 25, 2007, this case was reassigned to United States District Judge Melinda Harmon pursuant to General Order 2007-10. The case is being handled by the undersigned by agreement of the judges.

## I.     BACKGROUND

Anderson is currently in custody of the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, TDCJ) at the Terrell Unit. Anderson sues several officials employed by TDCJ at the Stringfellow Unit in Rosharon, Texas, where Anderson was formerly assigned. Anderson's complaint stems from an incident that reportedly occurred at the Stringfellow Unit gymnasium, on October 5, 2006, when a "piece of ceiling tile" fell on Anderson's head. Anderson claims that he suffered injuries to his neck and back as a result of this incident.

The defendants include Practice Manager Anitha Cherian; Nurse Practitioner Johnny Abraham; Physician's Assistant Paul Jung; and Officer Peter Heine. According to the pleadings, Anderson claims that these defendants denied him proper medical care following the October 5, 2006 incident. (Docs. # 1, # 14). Anderson also complains that Warden James W. Mossbarger knew that the gymnasium ceiling was defective but did nothing to correct the problem. (Docs. # 5, # 16).

Anderson complains that the defendants violated his constitutional rights by failing to provide adequate medical care and to provide a safe environment. He seeks $20,000 from each defendant in compensatory damages and $50,000 from each defendant in punitive damages. The defendants have filed a motion for summary judgment, arguing that the complaint must be dismissed because Anderson failed to exhaust administrative remedies with respect to most of his claims. The defendants argue that Anderson's sole exhausted

claim, which concerns the alleged denial of adequate medical care for his injured neck, fails as a matter of law. The parties' contentions are addressed below.

## II. STANDARD OF REVIEW

The complaint in this case is governed by the Prison Litigation Reform Act (the "PLRA"), which mandates the dismissal of a prisoner's civil rights complaint under the following circumstances. Upon initial screening of a prisoner civil rights complaint, the PLRA requires a district court to scrutinize the claims and dismiss the complaint, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted;" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A reviewing court may dismiss a complaint for these same reasons "at any time" where a party proceeds *in forma pauperis*. 28 U.S.C. § 1915(e)(2)(B) (mandating dismissal where the complaint is "frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief"). The PLRA also provides that the court "shall on its own motion or on the motion of a party dismiss an action" if it is satisfied that the complaint is "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c).

The defendants have filed a motion for summary judgment, arguing that the plaintiff's claims fail as a matter of law. Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a

party who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *see also Baton Rouge Oil and Chem. Workers Union v. ExxonMobil Corp.,* 289 F.3d 373, 375 (5th Cir. 2002). In deciding a motion for summary judgment, the Court must determine whether the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp.*, 477 U.S. at 322–23; *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008).

For summary judgment, the initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an "absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). The moving party, however, need not negate the elements of the non-movant's case. *See Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005). The moving party may meet its burden by pointing out "'the absence of evidence supporting the nonmoving party's case.'" *Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (quoting *Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 913 (5th Cir. 1992)).

If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (internal citation omitted). "An issue is material if its resolution could affect the outcome of the

action. A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party" *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (internal citations omitted).

In deciding whether a genuine and material fact issue has been created, the facts and inferences to be drawn from them must be reviewed in the light most favorable to the nonmoving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). However, factual controversies are resolved in favor of the non-movant "only 'when both parties have submitted evidence of contradictory facts.'" *Alexander v. Eeds*, 392 F.3d 138, 142 (5th Cir. 2004) (quoting *Olabisiomotosho v. City of Houston,* 185 F.3d 521, 525 (5th Cir. 1999)). The non-movant's burden is not met by mere reliance on the allegations or denials in the non-movant's pleadings. *See Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 545 n.13 (5th Cir. 2002). Likewise, "conclusory allegations" or "unsubstantiated assertions" do not meet the non-movant's burden. *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008). Instead, the nonmoving party must present specific facts which show "the existence of a genuine issue concerning every essential component of its case." *Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Int'l*, 343 F.3d 401, 405 (5th Cir. 2003) (citation and internal quotation marks omitted). In the absence of any proof, the Court will not assume that the non-movant could or would prove the necessary facts. *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

Affidavits cannot preclude summary judgment unless they contain competent and otherwise admissible evidence. *See* FED. R. CIV. P. 56(e); *Love v. Nat'l Medical Enterprises*, 230 F.3d 765, 776 (5th Cir. 2000); *Hunter-Reed v. City of Houston*, 244 F. Supp. 2d 733, 745 (S.D. Tex. 2003). A party's self-serving and unsupported statement in an affidavit will not defeat summary judgment where the evidence in the record is to the contrary. *See In re Hinsely*, 201 F.3d 638, 643 (5th Cir. 2000).

Finally, "[w]hen evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court." *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *See id.* (internal citations and quotations omitted). Although the plaintiff proceeds *pro se*, "the notice afforded by the Rules of Civil Procedure and the local rules" is considered "sufficient" to advise a *pro se* party of his burden in opposing a summary judgment motion. *Martin v. Harrison County Jail*, 975 F.2d 192, 193 (5th Cir. 1992).

### III.   DISCUSSION

#### A.   Exhaustion of Administrative Remedies

The defendants have filed a motion for summary judgment, asserting that most of Anderson's claims are barred from review because he failed to comply with the exhaustion requirement found in the PLRA, 42 U.S.C. § 1997e(a), by promptly presenting his claims for consideration by prison officials before filing suit. Under the PLRA, codified as amended at 42 U.S.C. § 1997e(a), an inmate is required to exhaust administrative remedies for all

6

"action[s] . . . brought with respect to prison conditions" before filing a civil rights suit in federal court under 42 U.S.C. § 1983 or "any other Federal law." The Supreme Court has held repeatedly that § 1997e(a) requires exhaustion of *all* administrative procedures before an inmate can sue in federal court. *See Booth v. Churner*, 532 U.S. 731, 741 (2001); *see also Porter v. Nussle*, 534 U.S. 516, 532 (2002) (holding that the PLRA requires exhaustion of all claims concerning prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong).

TDCJ has a formal two-step administrative grievance process. *See Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998) (outlining the two-step procedure, which at Step 1 entails submitting an administrative grievance at the institutional level followed by a Step 2 appeal if the result is unfavorable). A Step 1 grievance, which is reviewed by officials at the inmate's assigned facility, must be filed within fifteen days of the alleged incident or challenged event. *See Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004). Once an inmate receives a response to his Step 1 grievance, he then has up to ten days to file a Step 2 grievance to appeal an unfavorable result. *See id.* Step 2 grievances are reviewed at the state level. *See id.*; *Wendell*, 162 F.3d at 891. An inmate must pursue a grievance through both steps of the administrative process for his claim to be considered exhausted. *See Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001).

The defendants have provided Anderson's grievance records. According to these records, Anderson filed a grievance on October 5, 2006, complaining that a ceiling tile fell and struck him in the head. (Doc. # 26, Exhibit A, Step 1 Grievance #2007021672).

Anderson made no mention of being injured as a result of the incident and he did not complain about any lack of medical care. Likewise, Anderson did not complain that prison officials had notice of an unsafe condition but failed to correct the problem. The grievance does not identify any of the defendants in this case or make mention of his claims. Instead, Anderson complains that conditions in the gymnasium were "unsanitary."

Anderson filed one other grievance concerning the injury that he sustained on October 5, 2006. Anderson filed a grievance on October 12, 2006, against Licensed Vocational Nurse Wensel, who is not listed as a defendant in any of Anderson's pleadings, and Physician's Assistant Jung, who is listed as a defendant in this case. (Doc. # 26, Exhibit B, Step 1 Grievance #2007025900). In this grievance, Anderson complained that Nurse Wensel and Physician's Assistant Jung refused to give him a brace for his injured neck. Anderson filed a Step 2 Grievance, complaining that he had been denied a neck brace. The grievance was denied based on the "clinical decision" by unit health care providers that a neck brace was not recommended.

The Supreme Court has emphasized that the exhaustion requirement found in the PLRA, 42 U.S.C. § 1997e(a), mandates "proper exhaustion," *Woodford v. Ngo*, 548 U.S. 81, 126 S. Ct. 2378, 2387 (2006), which demands compliance with prison procedural rules. Because § 1997e(a) expressly requires exhaustion, prisoners may not deliberately bypass the administrative process by flouting an agency's procedural rules. *See id.*, 126 S. Ct. at 2389-90. As the Fifth Circuit has observed, "TDCJ has promulgated a detailed, complex, and carefully thought-out program to facilitate the filing of grievances and assure their prompt,

8

dispassionate investigation." *Wright*, 260 F.3d at 358. This record reflects that with respect to named defendants in this case, Anderson exhausted his administrative remedies only with respect to his claim that he was denied adequate medical care in the form of a neck brace following the injury that he sustained on October 5, 2006. Because it is evident that Anderson failed to properly exhaust his administrative remedies with respect to his remaining claims against a named defendant, however, the Court concludes that all of his other allegations must be dismissed for lack of compliance with § 1997e(a). Anderson's claim that he was denied adequate medical care is without merit for reasons discussed further below.

### B.     Eighth Amendment – Denial of Adequate Medical Care

According to the pleadings and the grievance records, Anderson complains that Physician's Assistant Jung denied him adequate medical care in violation of the Eighth Amendment by refusing to give him a neck brace to treat the injury that he sustained when a ceiling tile fell on his head on October 5, 2006. The defendants contend that this complaint must be dismissed because Anderson fails to articulate a constitutional violation that is actionable under 42 U.S.C. § 1983.

To prevail under 42 U.S.C. § 1983, Anderson must demonstrate that he was denied adequate medical care in violation of the Eighth Amendment to the United States Constitution. "Although the Eighth Amendment 'does not, by its precise words, mandate a certain level of medical care for prisoners[,]' the Supreme Court has interpreted it as imposing a duty on prison officials to 'ensure that inmates receive adequate . . . medical care.'" *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006) (quoting *Farmer v. Brennan*, 511

U.S. 825, 832 (1994)). "A prison official violates the Eighth Amendment's prohibition against cruel and unusual punishment when his conduct demonstrates deliberate indifference to a prisoner's serious medical needs, constituting an 'unnecessary and wanton infliction of pain.'" *Easter*, 467 F.3d at 463 (citing *Wilson v. Seiter*, 501 U.S. 294, 297 (1991) (quoting *Estelle v. Gamble*, 429 U.S. 97 (1976)).

The Eighth Amendment deliberate-indifference standard has both an objective and subjective component. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To establish deliberate indifference under this standard, the prisoner must show that the defendants were both (1) aware of facts from which an inference of an excessive risk to the prisoner's health or safety could be drawn, and (2) that they actually drew an inference that such potential for harm existed. *See id.* at 837; *Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir. 1999). The Fifth Circuit has stated that the deliberate-indifference standard is an "extremely high" one to meet. *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). "A prison official acts with deliberate indifference 'only if [(A)] he knows that inmates face a substantial risk of serious bodily harm and [(B)] he disregards that risk by failing to take reasonable measures to abate it.'" *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (quoting *Farmer*, 511 U.S. at 847). "Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances." *Id.* (citations omitted). A showing of deliberate indifference requires the prisoner to submit evidence that prison officials "'refused to treat him, ignored his complaints, intentionally treated him

10

incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" *Id.* (citations omitted).

The defendants present medical records showing that Anderson was treated at the Stringfellow Unit infirmary on October 5, 2006. (Doc. # 26, Exhibit C). Anderson complained that he had a "headache" because a ceiling tile fell and struck him on the top of his head. Anderson was examined by a nurse, who observed a circular abrasion, two centimeters in size, on the crown of Anderson's head. The abrasion had "very minimal" bleeding that was "easily controlled." The nurse noted no bruising and only "minimal" swelling. Anderson had normal pupillary reaction, his speech was clear, and his gait was normal. The nurse gave Anderson a cold pack and some ibuprofen for his pain. Anderson was instructed to file a sick call request if he experienced additional pain.

The medical records show that Anderson was examined again the following day, on October 6, 2006, by Physician's Assistant Jung. On that occasion, Anderson had an x-ray taken of his cervical spine. The record of the examination noted that Anderson had a history of neck injury, dating from a car accident in 1984, when his neck reportedly was broken. The radiologist examined the x-ray and concluded that Anderson had "[s]evere osteoarthritic changes," but found no evidence of fracture or dislocation as a result of being struck on the head by a ceiling tile. Jung prescribed a muscle relaxant (robaxin) and pain medication (ibuprofen) to treat Anderson's complaint of neck pain.

On October 8, 2006, Anderson submitted a sick call request for a neck brace. On October 10, 2006, a health care worker replied that a neck brace was "not indicated" for

11

Anderson's condition. Current medical records from February of 2008 reflect that Anderson, who is presently 61 years of age, has a history of severe neck trauma dating back to his 1984 car accident. He has been diagnosed with degenerative disc disease as a result of his old injury. He has been prescribed a "neck exercise program" and a "range of motion program" along with pain medication to treat this condition.

Anderson complains that his constitutional rights were violated in October of 2006, when his request for a neck brace was denied. Anderson does not dispute that he received care for the injury that he sustained as a result of the ceiling tile incident on October 5, 2006. To the extent that Anderson disagrees with the level of care that he received, the Fifth Circuit has held repeatedly that mere disagreement with medical treatment does not state a claim for deliberate indifference to serious medical needs under the Eighth Amendment. *See Stewart v. Murphy*, 174 F.3d 530, 535 (5th Cir. 1999); *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997); *Spears v. McCotter*, 766 F.2d 179, 181 (5th Cir. 1985); *Young v. Gray*, 560 F.2d 201, 201 (5th Cir. 1977). Even if a lapse in professional judgment occurred, any such failure amounts to mere negligence or malpractice, and not a constitutional violation. *See Harris v. Hegman*, 198 F.3d 153, 159 (5th Cir. 1999) (citing *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993)).

Anderson does not allege or show that he was refused care or that the defendants intentionally treated him incorrectly with wanton disregard for his medical condition. *See Domino,* 239 F.3d at 756. His allegations concerning the level of care that he received are not sufficient to establish that he was treated with deliberate indifference and do not state a

violation of the Eighth Amendment. Accordingly, Anderson fails to establish a constitutional violation and his complaint must be dismissed.

### C.     Remaining Defendants

In addition to the defendants who have appeared in this case, Anderson blames Practice Manager Joe Butler and Medical Records Clerk Dianna Eton for denying him adequate medical care. Anderson also accuses Assistant Warden Alphonso James, Major Charles H. James, and maintenance worker Michael Finkbeiner of failing to protect him from falling ceiling tiles and to assure a safe environment. After reviewing Anderson's more definite statement in support of these claims, the Court did not request an answer from these defendants because the pleadings do not allege sufficient facts showing that they had the requisite personal involvement. Accordingly, Anderson's claims against these individuals fail for lack of personal involvement. *See Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) (citing *Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976)). It further appears from this record that Anderson did not file a grievance involving his claims against these individuals and that his claims against them subject to dismissal for lack of exhaustion. For these reasons, the claims against the remaining defendants are dismissed for failure to state a claim upon which relief can be granted.

### IV.    CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1.     The defendants' motion for summary judgment (Doc. # 26) is **GRANTED**.

2.     This complaint is **DISMISSED** with prejudice.

The Clerk is directed to provide a copy of this order to the parties.

SIGNED on October 22, 2008.

*Nancy F. Atlas*
Nancy F. Atlas
United States District Judge